**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MAURICE KANBAR, an individual,** ) <br> **and KANBAR SPIRITS, INC., a** ) <br> **Delaware corporation,** ) <br> ) <br> v. ) <br> ) <br> **HENRY KAUFMAN, an individual** ) <br> **and DOES 1-25,** ) <br> ) <br> **Defendants.** ) | Case No. 07-MC-28-TCK-PJC <br> Case No. C-07-2123-VRW (N.D. CA) |

## OPINION AND ORDER

Before the Court for determination is the Non-Party Motion for Protective Order of Feldman, Franden, Woodard & Farris ("the Firm").  For the reasons set forth below, the motion is **GRANTED**.

Plaintiffs Maurice Kanbar and an affiliated company (collectively "Kanbar") seek to recover some $20 million in damages that they allege flows from the misconduct of Defendant Henry Kaufman and others in mishandling Kanbar's accounts by, *inter alia*, investing in high risk financial ventures.  Kanbar alleges that Kaufman caused Plaintiffs to purchase more than 2.5 million square feet of commercial real estate in Tulsa, Oklahoma, for about $110 million.  Kanbar alleges that Kaufmann engaged Raymond Feldman ("Feldman") and the Firm to perform legal services related to the Tulsa property transactions.

Kanbar alleges that Kaufman authorized a payment to Feldman, individually, of $200,000.  Kanbar states that it believes Feldman may have been associated with sellers of some of the Tulsa properties and that this posed conflicts of interest.  Kanbar seeks to determine why Feldman received the $200,000 payment described above.

Kanbar filed a grievance with the Oklahoma Bar Association against Feldman. After investigation, the OBA dismissed the grievance.

Kanbar has served a subpoena on the Firm seeking certain documents. Kanbar has requested that the Firm produce Feldman's narrative response to Kanbar's grievance filed with the OBA. The lone issue remaining for determination by the Court is whether Feldman's response is privileged and, therefore, not discoverable.

*Discussion*

The subpoena at issue relates to a lawsuit Kanbar has filed in U.S. District Court for the Northern District of California against Henry Kaufman and unnamed others. The Firm contends that the narrative response at issue is privileged under Oklahoma law and, therefore, not discoverable. The Firm relies on the Rules pertaining to bar grievance proceedings. 5 Okla.Stat.Ann., Ch. 1, App. 1-A. Rule 5.1 outlines the procedure for filing a grievance with the OBA. Rule 5.2 provides a procedure for the General Counsel of the OBA to conduct a preliminary investigation of the grievance and either dismiss the grievance or serve a copy of the grievance on the lawyer involved. The lawyer must then respond to the grievance within 20 days, making "full and fair disclosure of all the facts and circumstances pertaining to the respondent lawyer's alleged misconduct." Rule 5.2. The General Counsel then makes further investigation of the matter as needed before making a report and recommendation to the Professional Responsibility Commission.

Rule 5.4 provides:

Matters contained in grievances submitted to the Association, or the Commission or the General Counsel, and statements, oral or written, with respect thereto, shall be privileged.

Rule 5.8 provides that "[t]he files and records in disciplinary investigations shall be kept private and confidential." The Rule contains enumerated circumstances in which "the Commission, the Professional Responsibility Tribunal of the General Counsel shall be permitted to provide relevant information contained in such files and records." None of these circumstances has been cited by Kanbar as permitting disclosure of the grievance response. Instead, Kanbar seeks Feldman's response from the Firm, by-passing the OBA. Kanbar argues that the above-cited provisions are designed to protect the files of the OBA but not others, such as the Respondent to a bar grievance. Kanbar cites no authority for this interpretation of the grievance rules.

Rule 5.4 seems clear on its face. Oral or written statements made with respect to a bar grievance are privileged. Clearly, Kanbar could not subpoena these records from the OBA. To hold that the privilege does not extend beyond the OBA's files would render the privilege hollow. It would permit – and encourage – an end run around the disciplinary rules. Absent some authority to the contrary, the Court concludes that Rules 5.4 and 5.8 mean what they say: That statements such as Feldman's narrative response to the OBA, relating to Kanbar's grievance, is privileged. Accordingly, under Fed. R. Civ. P. 26, the narrative response is not discoverable.

Accordingly, the Firm's Motion for Protective Order [Dkt. # 1] is hereby **GRANTED**.

DATED this 31st day of January 2008.

_____
Paul J. Cleary
United States Magistrate Judge